Opinion of the Court.
THIS writ of error is prosecuted to reverse a judgment recovered by Spencer, in an action of assumpsit, brought by him in the circuit court against Kennedy and Massie. The declaration contains three counts. The two first counts set out several undertakings of Kennedy and Massie, to convey for Spencer, two hogs heads of tobacco to New-Orleans, and there to sell the same for the best price that could be procured, and account therefor to Spencer. The third count is a general indebitatus assumpsit, for money had and received.
The general issue was pleaded, and after Spencer had gone through his evidence, a motion was made by the counsel of Kennedy and Massie, for the court to instruct the jury as in case of a nonsuit; but the motion was overruled, and exceptions taken to the opinion of the court.
*321 This court are of opinion, that the instructions asked by the counsel of Kennedy and Massie should have been given by the court. Assuming every fact which the evidence introduced by Spencer conduced in any manner to prove, it is quite obvious, that no recovery ought to have been had on either count contained in the declaration. The evidence proves satisfactorily the undertaking of Kennedy and Massie to carry the tobacco to New Orleans; but there was no evidence conducing to prove that they were to sell the tobacco and account to Massie for the price; and it is not for any failure, in not carrying the tobacco to New Orleans, that a recovery is sought under the first and second counts. It is true, the evidence moreover proves, that the tobacco has been sold by the commission merchant in New Orleans, with whom the tobacco was left by Kennedy and Massie, after having carried it to that port; but that evidence was not calculated to prove, that by their undertaking Kennedy and Massie were to sell and account to Spencer for the proceeds of sale, as charged in the first and second counts; and without such proof, there could regularly be no recovery under those counts. If the price for which the tobacco was sold, had come to the hands of Kennedy and Massie, they would, no doubt, be compellable to account to Spencer; but to authorise a recovery against them on the general count for money had and received, evidence should have been introduced to prove the receipt of money by them for the price of the tobacco ; and in this case there is no evidence whatever, of any money having been received by them.
In the progress of the trial in the circuit court, a witness was called, and proved that Kennedy, who was plaintiff in that court, and Massie, agreed, by parol, to submit all matters in dispute about the tobacco, to the witness and two others ; and that their award, when delivered, should be final; and that, in pursuance to the submission, the arbitrators heard the statements of the parties, and their evidence, and after deliberating on the subject matter, the witness informed the parties, that the award of the arbitrators was, that the plaintiff, Kennedy, should recover nothing. After this evidence was introduced, and it being also gloved that the award so made by the arbitrators was by parol, the witness, on being interrogated by the plaintiff, *322 whether or not the award was the award of all the arbitrators, stated that he, as one of the arbitrators, had not concurred in the award ; but, on the contrary, he was of opinion the plaintiff ought to recover; and supposing that a majority of the arbitrators possessed the power to make an award, and that a parol award would not be binding, he, the witness, at the time of delivering the award, did not state his dissent. To these statements of the witness going to explain or destroy the award, by showing the mistake in law of the witness, the defendants objected but their objections were overruled, and the evidence admitted to go to the jury.
1. In permitting those statements to go in evidence to the jury, we think, the court erred. It is well settled, that in cases like the present, a parol award, made in pursuance to a parol submission, forms an available defence to any action which may be brought on the original cause of action. Where the submission is made to three, without expressly authorising a less number to make an award, there is no doubt all should concur in the award, to give it any legal effect ; but after an award is delivered as the award of all, its legal effect ought never to be overturned by the introduction of parol evidence, to show that the award was made through a misconception of law in the arbitrators ; and the object of the statements of the witness, which were permitted to go in evidence to the jury, was barely to do away the legal effect of the award, by showing it to have been delivered through a misconception of the law.
Judgment reversed.