Judge Haggin
delivered the opinion of tho Court.*
Bleigijt filed his petition in the Franklin circuit court, representing himself to be the,, proprietor of three tracts of land, lying chiefly in the counties of Hardin and Meade, one tract containing 1-13,482 acres, one 98,000 acres, and the other 28,000 acres; that the first tract had never been entered with the-Auditor for taxation; but the taxes had been paid on the other two, until the year 1813, inclusive* and being exposed to sale for the year 1-814, were purchased by Isham Talbot, and assigned to him; that, by the act of the 12th of January 1325, he was authorised to redeem, by paying the taxes due, and listing with the Auditor, and 'desired to do so, but the Auditor would not receive and give a quietus, unless the petitioner would pay likewise a large sum of interest and damages. He prayed a mandamus.
The Auditor answered, insisting that his duty required the receipt of interest, &c. before he could give *26 a quietas, and showing that one of the tracts bad besa sold to the State, in the year 1806, for the taxes due from the year l792.
Judgment of circuit court.
It has been distinctly &' repeatedly declared by the legislature, that all taxes on. lauds should bear interest, and the lamí be bound for the amount; 'and all who ln.ve conformed io the acts, down to that of 1826, have paid the interest.
Act of 1825 examined.
The spirit both the pve-enaotmont is against the supposition tcrristth'as*in tonilod to be remitted.
anf nth so^ sions do' not indicate that itwasintend-erl to remit iaterest-
*26 The court refused the mandamus, and Bleight appealed to this court.
By the act of 1795, (1 Litt. 321,) it is provided, that the State shall have a perpetual lien on every tract of land, and every part of it, for the taxes, with interest at the, rate of ten per centum per annum from the time they become due until paid.
By an act of 1797, (1 Litt. 664-7,) it is provided, that all taxes shall bear interest after the rate of ten per centum per annum until paid, and that the Commonwealth should have a perpetual lien therefor, on-the land; and an act of 1799, (2 Litt. 323,) contains similar enactments.
Thus it has been distinctly and repeatedly declared by the Legislature, that all taxes should bear interest, and that the land should be bound for the amount.
It is unnecessary to notice one or two other provisions on this subject. Let it suffice, that they all manifest the same intent, and all the proprietors of land in this Commonwealth, who have conformed to legislative requisitions, have, for a failure to list or pay the taxes as they become due, paid an interest upon the amount; insomuch, that the plaintiff only expects exemption, predicated upon the act of the last session, recited by the petition.
The preamble of this act, which is said to be its key, breathes a sentiment by no means favorable to the petitioner, if he is one of those who would disturb an ac-
settler, a class of citizens peculiarly fostered by the legislature of our country. The preamble, however5 *s nob at this day, held of high consideration in the construction of statutes. But the enacting clauses seem all to be in coincidence, until we reach the last. ^hey impose heavy forfeitures, all to inure to the bene-ht °f the occupant, it would almost seem, that thele-gislature had availed itself of the delinquencies touching the revenue, to effectuate the repose of the occupant. ■
It has been supposed, that expressions are to be found *n an(^ actions, indicating an intent'on to remit the interest; but reliance has been placed chiefly on the l oth section of the act of 1825.- The 9th, *27 Í0th and lltb sections' authorise a defence at law and in chancery, predicated upon the failure to pay the taxes, and say nothing of the interest. To this it may be answered, that to specify the terms of redemption, was not the province of either of those sections. They were inserted for a different purpose. But the ment of interest would be necessarily involved in the inquiry contemplated by those sections; for, as has been seen, the officer could give no receipt until the interest was likewise paid,, and each of those sections has a clause of redemption from the effects of the forfeiture, “ if the land has. been redeemed according to law;” and the 8th section, after imposing the forfeiture for failing to list for taxation,, adds, “ unless said lands have been redeemed according to law.”' It may not, therefore, be justly inferred from any expression of either of those sections, that it was intended to yield the interest due and secured on the lands.
g0 0f the istb.
The act, in *1S concerns the revenue and ? J^ttobecon-strued as a penal statute, e^_ ’ " p0imded.
The taxes for according’to the statutes in force, with interest at the rate rooted11 from the date each year’s tax fell the'sumsTffcu* merly duo on the land for ■$axos.
*27 By the 13th section, it is provided that the 8th section shall not take effect until the first day of August next; against which time, all persons whose lands are or may be forfeited for failing to list the same, or for the nonpayment of taxes, shall have a right to list their lands with the Auditor, and to pay all or any money or sums, of money which may be due on the said land for taxes; and it sha.ll be the duty of the Auditor to receive and. give a quietus for all arrearages so paid; but the privileges given .in this proviso, shall not apply to cases, where land' has been stricken off to the State, &c.
It has been contended, that this act, being highly penal in many of its provisions, is to he construed strictly;. and such, we apprehend, would be the proper rule, tvere an attempt made to impose the forfeiture. Then the plaintiff would be justified in saying that the letter of the statute did not embrace his case, and that the penalty could not be imposed. But we are now in the exposition of a section which inflicts no forfeiture, and, so far as it operates, redeems from all possibility of it. It is a section in aid of the public revenue; it concerns all society-; and, therefore, so far as the aid of rule may be requisite, it should be liberally expounded.
We are here necessarily led to an examination of-the several revenue acts, the principal of which have been noticed, to make application of the provisions of this, They are all on the same subject, and without *28 ence to the former, vve cannot determine who were; bound to list, and who excused; when lands must be listed; vvhat the amount of (axes; if they bear interest, or not; when forfeited for not listing, and when for nonpayment; and from their inspection,-we at once learn Merest commenced upon every year’s tax, from the time it became due — ever exacted, is (rue, the tax has varied, and indeed so .lias the rate of interest; au<^ something of difficulty may arise in ascertaining taxes, because of doubts as to the quality of (he land, under the former system, and its value, under the present; but the principal being ascertained, the intcr.-est is soon calculated with mathematical certainty. These combined, compose the “ sums of money formerly due on the land for taxes,” They, were due at the passage of this act, and became due on no other- consideration or account, than u for the taxes.”
Thore is no-act1ofÍi85,5>0 to remit a’ part of the revenue^and secured’by the lion; nor ofmentmthc induce it.’
payment1”? all sums due, ~ling.to force prior to thc passage of thy act of lia^pei-mi'iTa redemption under it,
Bibb, Lnttmam, ¿¿c. íor appeuaai; bharp. attorney-general, for Auditor*
There is no expression in the act, indicative of a disposition to remit any thing due on account of the reve-i:iuei al)(^ we can imagine no competent motive for such a remission in favor of (he claimant who forbore to enter his lands, whilst the lands of the man who listed, but proved unable to pay, are lost for ever. We can-.no(- believe it possible, that the législature, whose money was secured by a lien on (the land, adopted this mode of releasing a greater portion of its just- dues, This liberal and beneficent intent is no where displayed in the statute.
the statute with regard to its terms or ideation of the legislature who enacted it, we can-riot concur in the opinion that interest has been re-milted; but consider it the duty of the Auditor to reflan'G -'ll sums which may be due at the time of payment, agreeably to the laws in force previous to the passage of this act.
affirmed with costs.

 Ch. J. Barry dissenting.